IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRIS SEVIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:11-00435 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | |
| | ) | JURY DEMAND |
| | ) | |
| NANCY JONES, CYNDI McKENZIE, | ) | |
| KRISANN HODGES, BILL RAMSEY, | ) | |
| ANTON JACKSON, ROSEMARY | ) | |
| SEXTON, MARC OSWALD, | ) | |
| ANTONETTE WELCH, HELEN | ) | |
| ROGERS, TN BOARD OF | ) | |
| PROFESSIONAL RESPONSIBILITY, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a document filed by Plaintiff headed "Motion to Nonsuit Contingent on Denial on the Fee Request in the Remanded Rich Case Before This Court." Docket No. 23. Plaintiff has filed a supporting Memorandum (Docket No. 24), which is 25 pages in length, but it does not cite a single case or statute. Plaintiff, who is proceeding pro se, is an attorney licensed to practice law in the State of Tennessee.

The Court does not expect any of the Defendants to file a Response to the Motion because, insofar as the record reflects, no Summonses have ever been issued or served.

The instant Motion appears to be an "offer" by Plaintiff to "nonsuit" the instant case on the condition that the Court deny a fee request in another case involving Plaintiff that was

previously pending in this Court.  *See Rich v. Sevier Records* and *Chris Sevier,* No. 3:11-00362, United States District Court for the Middle District of Tennessee.

In *Rich*, Mr. Sevier and Severe Records, LLC, were sued by John Rich in the Circuit Court for Davidson County.  Defendants Chris Sevier and Severe Records removed that action to this Court, but they did not show any basis for the Court's exercise of subject matter jurisdiction.  The Court entered an Order in *Rich* requiring Defendants to establish the Court's subject matter jurisdiction (Docket No. 18), and Plaintiff filed a Motion to Remand that case to State Court (Docket No. 19).  Plaintiff Rich's Motion also sought an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c).

The undersigned submitted a Report and Recommendation in *Rich*, recommending that Plaintiff's Motion to Remand be granted and that Plaintiff Rich be awarded his costs and fees under § 1447(c).  Docket No. 30.  Judge Campbell approved the Report and Recommendation, remanded the *Rich* case to State Court, and granted Plaintiff Rich's request for costs and attorneys' fees.  Docket No. 39.  Judge Campbell's Order also required Plaintiff's counsel to file an appropriate Affidavit and documentation establishing their costs and expenses, and the Order referred that matter to the undersigned for a Report and Recommendation.  *Id.*

Plaintiff Rich's counsel filed Affidavits regarding the costs and fees (Nos. 42, 43), and the undersigned submitted a Report and Recommendation recommending that Plaintiff Rich be awarded total costs and fees in the amount of $24,946.05.  *Mr. Sevier did not file objections to that Report and Recommendation*.  Instead, approximately two weeks thereafter, he filed the instant Motion.

As discussed above, the instant Motion simply makes an offer that Plaintiff Sevier will

nonsuit the instant action if the Court will deny the fee request in *Rich*. Plaintiff, however, offers no authority for the proposition that the Court can or should countenance such an outrageous proposal. The instant Motion appears to presume that the Court has some incentive for wanting Plaintiff to voluntarily dismiss the instant action. That simply is not the case. Additionally, Mr. Rich is not a party to the instant action, and it is unclear why Mr. Rich would be interested in abandoning an award of costs and expenses in the amount of almost $25,000.00 in order to have Plaintiff dismiss the instant case.

Moreover, six days after Plaintiff filed the instant Motion, Judge Campbell entered an Order in *Rich* adopting and approving the undersigned's Report and Recommendation that Plaintiff Rich be awarded $24,946.05.[1] Docket No. 45.

Finally, as discussed above, Plaintiff has cited absolutely no authority for the instant Motion.

For the foregoing reasons, Plaintiff's "Motion to Nonsuit Contingent on Denial on the Fee Request in the Remanded Rich Case Before This Court" (Docket No. 23) should be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this

---

[1] Perhaps not surprisingly, Judge Campbell's Order does not mention the instant Motion.

3

Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge

4